UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAMILLE ROBINSON

      Plaintiff,

v.                                                  Case No.  8:23-cv-626-SDM-SPF

JEFFREY TURNER and
GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Defendants.
_____/

## ORDER

Before the Court is Defendant Jeffrey Turner's Amended Notice of Special Appearance for the Purposes of Quashing Service of Process, which the Court construes as a motion to quash service of process (Doc. 21).  Plaintiff has responded (Doc. 26).  Upon consideration, the Court grants Turner's motion.

## BACKGROUND

Plaintiff filed her automobile negligence complaint on March 21, 2023, alleging that Turner was a resident of the United Kingdom (Doc. 1 at 1).  On July 7, 2023, Plaintiff moved for additional time to serve Turner because she was unable to locate him (Doc. 4 at 1).  The Court granted the motion (Doc. 6).  On August 9, 2023, Plaintiff filed a return of service showing that the Florida Secretary of State accepted service on Turner's behalf the prior day (Doc. 14).  Turner filed his first motion to quash on August 28, 2023 (Doc. 15), but it was denied without prejudice because it failed to comply with Local Rule 3.01(g) (Doc. 16).  Plaintiff then filed an affidavit of compliance with Fla. Stat. § 48.161 that details her efforts to locate Turner's whereabouts (Doc. 17).  Thereafter, Turner submitted the amended motion

now before the Court (Doc. 21). He argues that the substituted service on the Florida Secretary of State was invalid because it did not comply with the Hague Convention, Fla. Stat. § 48.171, or Fla. Stat. § 48.161 (*Id.* at 1).[1] Plaintiff responds that service was proper as she has been unable to locate Turner and the Hague Convention applies only when a defendant's address is known (Doc. 26 at 1–2). She further states that she complied with both Florida statutes—which she contends apply instead of the Hague Convention—as she filed the required affidavit of compliance (Doc. 17) and Fla. Stat. § 48.161(3) excuses her from filing a notice of service, copy of process, and return receipt because Turner is concealing his whereabouts (Doc. 26 at 3–4). Upon review, the Court grants the motion to quash because, although Plaintiff is correct that the Hague Convention is inapplicable, she did not seek prior court authorization before using an alternative method of service under Federal Rule of Civil Procedure 4(f)(3).

## ANALYSIS

Federal Rule of Civil Procedure 4(f)(1) permits the service of an individual in a foreign country under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, which the United States and the United Kingdom have ratified. *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. The Hague Convention "is a treaty that provides a simplified 'way to serve process abroad, to assure that

---

[1] Fla. Stat. § 48.171 provides that "Any nonresident of this state, being the operator or owner of any motor vehicle . . . by the acceptance or licensure and by the operation of the motor vehicle . . . constitutes the Secretary of State his or her agent for the service of process in any civil action begun in the courts of the state against such operator or owner . . . arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved."

Fla. Stat. § 48.161 details procedures that a plaintiff must follow in serving a defendant under Fla. Stat. § 48.171.

2

defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad.'" *Julien v. Williams*, No. 8:10-cv-02358-SCB-TBM, 2010 WL 5174535, at *1 (M.D. Fla. Dec. 15, 2010) (quoting *Volkswagen Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)). "The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries." *Schlunk*, 486 U.S. at 699 (citation omitted). "Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law." *Id.* at 700.

The Hague Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," but it "shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. 362, T.I.A.S. 6638, Art. 1. To determine whether an address is "known," "courts have repeatedly looked to the efforts plaintiffs have put forth in attempting to discover said addresses." *Compass Bank v. Katz*, 287 F.R.D. 392, 394–95 (S.D. Tex. 2012) (collecting cases). "Particularly, before a plaintiff 'can circumvent the methods for service of process authorized by the Hague Convention,' the plaintiff must 'put forth *reasonable diligence* in attempting to discover [the] defendant's address.'" *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 6:14-cv-00249-CEM-TBS, 2016 WL 7664290, at *4 (M.D. Fla. Mar. 7, 2016) (quoting *Katz*, 287 F.R.D. at 395). This is a fact-intensive inquiry, as "there is no binding authority on whether an address is unknown or whether reasonable diligence has been exercised." *Id.* at *6.

Here, Plaintiff details her efforts to locate Turner as follows:

3

> Plaintiff has attempted to locate the Defendant's address in many ways to try and perfect service through The Hague Convention, but unfortunately, Plaintiff has not been able to locate the address despite her multiple attempts. This accident occurred on private property and police refused to investigate and write a report. The only documentation Defendant would provide to the Plaintiff was the rental agreement for the vehicle he was driving at the time which did not include his address. Plaintiff has contacted the rental company and the adjuster to get the address and they did not provide it. Plaintiff hired Professional Investigative Group to try and locate the Defendant's address and they were not able to. Plaintiff's affidavit of compliance explains her due diligence in trying to locate an address.

(Doc. 26 at 2).

Given these efforts, the Courts finds that Plaintiff has exercised reasonable diligence in attempting to discover Turner's address. When Turner, the car rental company, and the adjuster all declined to provide a last known address, Plaintiff hired an investigative agency to locate Turner (*Id.*). Despite these efforts, Turner's address remains unknown, and the Hague Convention is thus inapplicable. *See, e.g.*, *Dolphin Cove Inn, Inc. v. Vessel Olympic Javelin*, No. 3:19-cv-01018-MMH-JK, 2020 WL 4927590 (M.D. Fla. Aug. 21, 2020) (applying reasonable diligence standard and finding that the Hague Convention did not apply); *Trapenard v. Clester*, No. 6:22-CV-660-RBD-LHP, 2023 WL 2264177 (M.D. Fla. Feb. 28, 2023) (same).

In this case, Plaintiff has already filed a verified return of service (Doc. 14) stating that the Florida Secretary of State accepted service under Fla. Stat. § 48.161. Under Federal Rule of Civil Procedure 4(f)(3), courts can allow such an alternative means to serve individuals in a foreign country, however, "plaintiffs 'must obtain prior court approval for the alternative method of serving process.'" *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 751 (11th Cir. 2016) (quoting *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004)). Plaintiff did not seek the Court's approval before attempting substituted service. Therefore,

4

the Court must grant Turner's motion to quash.[2]  *See Symington v. BVAJ Marine, Ltd.*, No. 0:20-cv-60761-RS, 2021 WL 8939965, at *2 (S.D. Fla. May 14, 2021) (deeming alternative service inadequate as plaintiff failed to obtain leave of court prior to serving defendant under Rule 4(f)(3)).

## CONCLUSION

Accordingly, it is **ORDERED:**

1. Turner's Amended Notice of Special Appearance for the Purposes of Quashing Service of Process (Doc. 21) is GRANTED.
2. The purported service of process upon Turner is QUASHED.
3. Plaintiff is ORDERED to serve Turner pursuant to Fla. Stat. § 48.161 and Fla. Stat. § 48.171 within thirty days of this order.

**ORDERED** in Tampa, Florida, on February 16, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Plaintiff did not seek Court authorization before attempting an alternative method of service under Rule 4(f)(3), the Court need not analyze the sufficiency of the purported service.